**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

CLARA CARLI CHAVEZ,

Petitioner,

v.

WARDEN, in his official capacity as Warden of Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Case No. 2:26-cv-03353-MIS-GJF

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Clara Carli Chavez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 2, filed October 6, 2026. Petitioner is a citizen of Venezuela, who has resided in the United States since July 4, 2022. Pet. at ¶ 17. Petitioner has resided peaceably at the same address in Odessa, Texas since arriving in the United States. Id. at ¶ Petitioner has never been arrested and has no criminal history. Id. at 19. On August 23, 2023, an Immigration Judge ordered Petitioner removed, and she timely appealed the order, which remains pending. Id. at ¶¶ 20-21. In addition, subsequent to the removal order, Petitioner was released on an Order of Supervision and has complied with all conditions of her

supervision, including attending regular check-ins with United States Immigration and Customs Enforcement ("ICE"). Id. at ¶ 22. Nevertheless, on September 24, 2025, ICE detained Petitioner at a scheduled check-in. Id. at 23. She has remained in custody since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶ 24. Prior to her detention, Petitioner was not provided a bond hearing. Id. at ¶ 25. Petitioner argues that her detention without pre-deprivation notice and a bond hearing violates the Immigration and Nationality Act, id. at ¶¶ 27-32, her Fifth Amendment right to due process, id. at ¶¶ 33-36 and is an arbitrary and unlawful termination of her release on an Order of Supervision, id. at ¶¶ 37-42. She seeks immediate release from detention, or in the alternative an individualized custody determination before a neutral Immigration Judge. Id. at p.15. In addition, Petitioner seeks attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412. Id.

On October 6, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

On October 21, 2026, the federal Respondents filed an "Response [to the] Petition." ECF No. 8.[1] Therein, they state:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No.3. However, as has become customary in these cases, the Warden did not respond to the Petition.

> seven days of this Court's Order, provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026) (footnote omitted)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d 904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of her Fifth Amendment right to due process.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, her continued detention without a bond hearing violates her Fifth Amendment right to due process, and, as such, she is entitled to habeas relief.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders her immediate release. See generally ECF No. 8. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation

bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motion for attorneys' fees and costs.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Clara Carli Chavez from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins that are no more onerous than those she was subject to prior to her detention;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motion for attorneys' fees and costs.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE